# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|                          |   |                    |
|--------------------------|---|--------------------|
| **LAMARCUS FITTS, # 093347,** | ) |                    |
|                          | ) |                    |
| **Plaintiff,**           | ) |                    |
|                          | ) |                    |
| **v.**                   | ) | **No. 3:24-cv-00982** |
|                          | ) |                    |
| **JERRY SCOTT, *et al.*,** | ) | **Judge Trauger**  |
|                          | ) |                    |
| **Defendants.**          | ) |                    |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lamarcus Fitts, who is in custody of the Sumner County Jail in Gallatin, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed an amended complaint (Doc. No. 16), which is now the operative complaint in this action. Pursuant to 28 U.S.C. § 1915A(b)(1), the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

## I.     SCREENING STANDARDS

The court must conduct an initial review and dismiss the amended complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the amended complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## II. DISMISSING THE AMENDED COMPLAINT

The amended complaint names three defendants: Jail Administrator Jerry Scott, Captain Brandon Maynard, and Officer Owen Harrington. (Doc. No. 16 at 1). The plaintiff alleges that while he was using a grievance kiosk at the Sumner County Jail on April 26, 2024, Officer Harston "snatched [the grievance box] from [him] for no reason." (*Id.*) As a result, the plaintiff sustained a cut to his hand. (*Id.*) The plaintiff asserts that this constituted excessive force. (*Id.*) He seeks $1,075,000 in damages. (*Id.*)

The Fourteenth Amendment's Due Process Clause bars the use of excessive force against a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). To state a viable claim, the plaintiff must allege facts from which the court may infer "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396−97.

Here, the amended complaint alleges no facts related to Jail Administrator Scott or Captain Maynard. As to Officer Harrington, the amended complaint alleges only that he "snatched" a grievance box from the plaintiff, resulting in a cut to the plaintiff's hand. (Doc. No. 16 at 1). The court cannot reasonably infer from this allegation that Officer Harrington intentionally used force against the plaintiff that was objectively unreasonable. Notably, the plaintiff's original complaint did not allege any other use of force. (*See* Doc. No. 1 at 5). The amended complaint therefore will be dismissed for failure to state a claim upon which relief may be granted.

## III.    CONCLUSION

The amended complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

This order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

Any appeal by the plaintiff would not be brought in good faith, because the plaintiff has no objectively good-faith argument that dismissal of the complaint is erroneous.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge